IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**McCARN'S BODY SHOP, INC.**                                            **PLAINTIFF**

v.                  **CASE NO. 3:20-CV-00402-BSM**

**NATIONWIDE MUTUAL INSURANCE
COMPANY**                                                                                 **DEFENDANT**

## ORDER

Summary judgment is denied on McCarn's Body Shop's breach of contract claim against Nationwide Mutual Insurance Company and granted on its bad faith claim.

### I. BACKGROUND

McCarn's is suing Nationwide for denying its fire loss claim. The insurance policy required McCarn's to maintain a "P-2 Automatic Fire Alarm" protecting the entire building and that is "connected to a central station or reporting to a public or private fire alarm station." Pl.'s Resp. Def.'s F. ¶¶ 2–6. The policy bars claims against Nationwide unless McCarn's fully complied with its terms. *Id*. ¶ 9. McCarn's filed a fire loss claim and Nationwide denied it because McCarn's building did not have the required fire alarm. *Id*. ¶¶ 11–12; Pl.'s Resp. Def.'s F. ¶ 14.

### II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not

rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

A.  Breach of Contract

Summary judgment is denied on the breach of contract claim because there are disputes of material fact for a jury to decide. Nationwide notes that it is undisputed that the policy required a specific fire alarm, and it argues the fire alarm was a condition precedent and a coverage exclusion under the policy. Br. Supp. Mot. Summ. J. at 5–8. McCarn's admits that the required fire alarm was not installed at the time of loss. It, however, argues that Nationwide's agent and underwriter made misrepresentations that led to denial of the claim. Pl.'s Br. Supp. Resp. at 4; *Cincinnati Life Ins. Co. v. Mickles*, 85 Ark. App. 188, 200, 148 S.W.3d 768, 776 (2004). Specifically, McCarn's contends that the insurance application mistakenly states that there was a fire alarm installed but no such alarm ever existed on the premises. *Id*. 4–6. In support of its position that there was a mistake on the part of Nationwide, McCarn's relies on the fact that the insurance contract was never signed by the applicant. *Id*. at 2; Policy Application, Doc. No 12-2. Moreover, after inspecting the

premises and taking photos, Nationwide's underwriters certified that a complying fire alarm was installed, even though McCarn's testified there was never a system installed. Pl.'s Br. Supp. Res at 3–4; Loss Control Report, Doc. No. 12-3. Nationwide responds that any mistake in the application or underwriting process is irrelevant because it is not seeking to void the policy and because McCarn's accepted the policy, paid the premium, and admittedly failed to comply with the condition precedent. Def.'s Reply at 3–4.

In Arkansas, an insurer may not void a policy based on a mistake in the application that is attributable to the agent. *Neill v. Nationwide Mut. Fire Ins*., Co., 355 Ark. 474, 139 S.W.3d 484 (2003) ("an insurer will not be allowed to use misstatements in the application to *avoid liability* where the misstatements are the result of fraud, negligence, or mistake by the insurer's agent.") (emphasis added). Although Nationwide argues that it is not attempting to void the contract, its denial of McCarn's claim is essentially an attempt to void the portion of the policy relating to the fire loss. Accordingly, whether there was a misstatement in the application attributable to the agent and whether Nationwide would have issued the policy were the application correct are questions of fact for the jury.

B.     Bad Faith

Summary judgment is granted on McCarn's bad faith claim because it has not shown that Nationwide engaged in an affirmative act of dishonest, malicious, or oppressive conduct. *Switzer v. Shelter Mut. Ins. Co.*, 362 Ark. 419, 433 208 S.W.3d 792, 801 (2005). McCarn's argues that Nationwide has acted in bad faith by turning a blind eye to its own mistake.

McCarn's has not shown, however, that Nationwide acted in bad faith in denying the claim because there is no evidence that Nationwide intentionally altered the application or that any misstatement in the application was anything but an honest error. Accordingly, any error in the application goes to the question of whether Nationwide breached its contract with McCarn's.

## IV. CONCLUSION

For the foregoing reasons, summary judgment is granted on McCarn's bad faith claim, and denied on its breach of contract claim..

IT IS SO ORDERED this 15th day of July, 2022.

_____
UNITED STATES DISTRICT JUDGE